UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DOUGLAS ALAN WORTINGER,

        Petitioner,

v.

KURT JONES,

        Respondent.

_____/

Case No. 1:05-CV-759

Hon. Richard Alan Enslen

**OPINION**

       This matter is before the Court on Petitioner Douglas Alan Wortinger's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of December 29, 2005 ("Report"), which recommended that Petitioner's Writ of *Habeas Corpus* brought under 28 U.S.C. § 2254 be denied. After reviewing the Report, Petitioner's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(C), the Court will deny Petitioner's Objections and his Writ of *Habeas Corpus*.

       On August 17, 1998, Petitioner was sentenced by the Kalamazoo County Circuit Court (as a second habitual offender) to a term of imprisonment of 15 to 30 years for the offense of first-degree criminal sexual conduct. The Michigan Court of Appeals affirmed his conviction on July 28, 2000. The Michigan Supreme Court denied his delayed application for leave to appeal on February 28, 2001. Petitioner did not seek a writ of *certiorari* from the United States Supreme Court within the 90-day period allotted for such review. SUP. CT. R. 13.1. Therefore, his judgment and conviction

became final on May 29, 2001. Pursuant to 28 U.S.C. § 2244(d)(1)(A)'s one-year limitation period, Petitioner had until May 29, 2002, to petition for a writ of *habeas corpus*. The Report observed that the instant Writ was filed on November 6, 2005, and accordingly, recommended that Petitioner's Writ of *Habeas Corpus* be denied as untimely under section 2244(d)(1)(A).[1] Petitioner untimely objected.[2]

Petitioner concedes that his Writ is untimely under section 2244(d)(1)(A), but believes the limitation period governing his Petition should be equitably tolled. When a *habeas* petitioner properly files for state post-conviction review, the limitation period in section 2244(d)(1) is tolled or paused. 28 U.S.C. § 2244(d)(2). Petitioner asserts that he filed a motion for relief from judgment under Michigan Court Rule 6.500 *et seq.* on November 1, 2001, but the motion was lost. Petitioner states that his mother contacted the Kalamazoo County Circuit Court to check the status of his motion and was told it was not in front of the court and was probably in the court's research department. In November 2003, Petitioner maintains that his mother again sought to check the status of his motion with the Kalamazoo County Circuit Court, only this time she learned Petitioner's motion was lost. Petitioner re-filed his motion for relief from judgment on December 5, 2003.

---

[1] Though docketed on November 9, 2005, since Petitioner's application bore the date of November 6, 2005, the Report presumed Petitioner handed his Petition to prison officials on that day. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (*habeas corpus* application deemed filed when handed to prison authorities for mailing).

[2] Petitioner objected to the Report beyond the ten-day limitation period for objections, *see* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); W.D. MICH. LCIVR 72.3(b), which serves as an alternative basis, in addition to those articulated in this Opinion, to deny his Objections.

In order to equitably toll Petitioner's *habeas* limitations period, he must show that: (1) he had been pursuing his right diligently; and (2) that some extraordinary circumstance impeded his efforts.[3] *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814-15 (2005) (citations omitted). During the two years that Petitioner's motion for relief from judgment was presumed to be pending before the Kalamazoo County Circuit Court, Petitioner made a total of two inquiries with that court. During his first investigation, Petitioner learned that his motion was not in front of the court. A truly diligent *habeas* petitioner would have inquired further as to why his motion was not in front of the court, or at least inquired more than twice during the two years his motion was presumed to be pending before the court and yet hearing no response. Because this Court is advised to use equitable tolling sparingly in favor of *habeas* petitioners, *Cook*, 295 F.3d at 521, and in light of the fact that Petitioner bears the burden of establishing that equity warrants such relief, the Court cannot say that Petitioner has diligently pursued his rights. Accordingly, the Court will not equitably toll his *habeas* limitations period.

---

[3] The Sixth Circuit Court of Appeals has also set forth several factors trial courts should use when determining whether a petitioner for a writ of *habeas corpus* is entitled to equitable toll the limitations period: (1) the petitioner's lack of notice of the filing requirement, (2) the petitioner's lack of constructive knowledge of the filing requirement, (3) the petitioner's diligence in pursuing his rights, (4) absence of prejudice to the respondent, and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). The Court of Appeals has recognized that these factors are not necessarily comprehensive and they are not all relevant in every case. *Cook*, 295 F.3d at 521. Thus, since Petitioner's motion for relief from judgment was purportedly filed during the limitations period, the critical inquiry for the Court remains—under *Dunlap* or *Pace*—whether Petitioner diligently pursued his rights.

Petitioner cites *People v. Suddarth*, 586 N.W.2d 400 (1998), as an example of a Michigan trial court that ruled on a motion for relief from judgment two years after the motion was filed (suggesting it was reasonable for him to sit silent while his motion was presumed to be pending). Although the timetable for decision indicated by Petitioner appears to be true, there is no suggestion that *Suddarth* heard nothing from the trial court and sat idly by for two years while his motion remained pending. Without more, the Court believes Petitioner did not diligently pursue his rights during the two years his motion was presumed to be pending before the Kalamazoo County Circuit Court.[4] Consequently, the Court will deny Petitioner's Objections and his Writ of *Habeas Corpus* as time barred by section 2244(d)(1)(A).

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether Petitioner is entitled to a certificate of appealability. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (section 2253 analysis may be done when substantive claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or deserves encouragement for some other reason. This Court has reviewed the grounds asserted individually as required by the decisions

---

[4] Furthermore, Petitioner's motion for relief from judgment, re-filed on December 5, 2003, was decided on June 4, 2004, just seven months later. Given such, the Court is skeptical that Petitioner's motion ever made it the Kalamazoo County Circuit Court. It is Petitioner's burden to properly move for state post-conviction relief in order to toll the limitations period. 28 U.S.C. § 2244(d)(2).

in *Slack* and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001), and determined that Petitioner's Writ has not met this standard. Therefore, a certificate will be denied.

A Final Order denying Petitioner Douglas Alan Wortinger's Objections, adopting the Report and Recommendation, denying Petitioner's Writ of *Habeas Corpus* with prejudice, and denying Petitioner a certificate of appealability shall enter.

DATED in Kalamazoo, MI:  
    April 10, 2006

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE